UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTIN REICHERT                                        CIVIL ACTION

VERSUS                                                   NUMBER: 22-5450

INFUSION PARTNERS, L.L.C., ET AL.                        SECTION: "H"(5)

ORDER AND REASONS

Before the Court is the Rule 12(b)(6) Motion for Dismissal (rec. doc. 6) filed by

Defendants, Infusion Partners, L.L.C. ("Infusion") and Option Care Health, Inc. ("Option

Care") (collectively, "Defendants").  Plaintiff has filed an opposition to the motion in which

she simultaneously asks for leave to amend her Complaint. (Rec. doc. 7).  Defendants filed a

reply (rec. doc. 11), and a Notice of Supplemental Authority.  (Rec. doc. 13).  Having reviewed

the pleadings and the case law, the Court rules as follows.[1]

I.      Factual Background

The Complaint alleges as follows.  On November 14, 2013, Plaintiff, Christin Reichert

began working at Infusion and/or Option Care as a Clinical Nurse II.  (Rec. doc. 1 at 2).[2]  On

August 17, 2021, while Plaintiff was working at Defendants' Covington, Louisiana office, John

Rademacher, CEO of Option Care, released an e-mail stating that, "'due to the Delta variant

being much more contagious and thus more dangerous, Option Care Health (OCH) is

mandating the COVID-19 vaccine for customer-facing team member [sic] to be fully

vaccinated by October 15, 2021.'"  (Id.).  The email also stated that exemptions to this

mandate would be granted to employees with strongly-held religious beliefs or medical

---

[1] The parties consented to proceed before the undersigned under 28 U.S.C. § 636(c) on April 18, 2023.  (Rec. doc. 12).

[2] The Complaint states that "it is believed that Infusion Partners, LLC is owned and operated by Defendant, Option Care Health, Inc." (Rec. doc. 1 at 1).

conditions. (*Id.* at 2-3). As such, Plaintiff timely submitted a religious exemption to Chassidy Thomas, her HR representative, on October 7, 2021. (*Id.* at 3). The next day, Plaintiff received confirmation that Defendants had received her exemption and would let her know when a decision would be made. (*Id.*). Defendants ultimately approved Plaintiff's religious exemption on October 12, 2021, thereby requiring Plaintiff to submit to weekly COVID-19 testing via nasal swab as a substitute for the vaccine per company policy. (*Id.*).

Plaintiff started an email correspondence with Defendants in which she expressed her hesitancy to submit to the weekly COVID nasal-swab testing and offered to submit a COVID antibodies test instead. (*Id.* at 4). On October 18, 2021, Plaintiff received an email from Ciarra Johnson, a COVID-19 testing correspondent, informing Plaintiff that she had not connected to NAVICA, the online testing program, to begin COVID-19 testing that week. (*Id.*). Plaintiff responded to Johnson that she had been terminated the prior week and would not be participating in the weekly nasal-swab testing, yet she also asked if they offered saliva testing. (*Id.*). She then received an email from Chassidy Thomas in which she stated that Plaintiff had not in fact been terminated. (*Id.*). Plaintiff acknowledged this message, and again asked Defendants if they offered saliva testing instead of the nasal swab. (*Id.* at 5). Defendants responded that the nasal swab was the only testing option. (*Id.*). Plaintiff did not submit to the weekly testing policy and, on October 22, 2021, she was terminated from her employment with Defendants. (*Id.*).

On December 23, 2022, Plaintiff filed this lawsuit against Option Care and Infusion. (Rec. doc. 1). Plaintiff sues Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* Plaintiff sues Defendants for religious discrimination (failure to accommodate), religious discrimination (disparate treatment), and retaliation.

## II.      Standard for a Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Such a motion is viewed with disfavor and is therefore rarely granted.  *See Lowrey v. Tex. A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff."  *See Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502 (5th Cir. 2014) (citing *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc)).  But in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true.  *Id.* at 502-03 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").  This is a "context-

3

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotations omitted) (citing *Twombly*, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Finally, "[w]hen reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources ordinarily examined when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). If the Court considers materials outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56. *See Causey v. Sewell Cadillac-Chevrolet*, Inc., 394 F.3d 285, 288 (5th Cir. 2004); *Phoenix on behalf of S.W. v. Lafourche Par. Gov't*, No. CV 19-13004, 2021 WL 184909, at *3-4 (E.D. La. Jan. 19, 2021); *see also* Fed. R. Civ. P. 12(d).

III.    **Law and Analysis**

A.  **Religious Discrimination Based on Failure to Accommodate**

Under Title VII of the Civil Rights Act, it is unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "The term 'religion'

includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." *Id.* at § 2000e(j).

Courts use a *McDonnell Douglas* burden-shifting framework to analyze a claim for failure to accommodate a religious observance. *Davis v. Fort Bend Cty.*, 765 F.3d 480, 485 (5th Cir. 2014). The employee must establish a *prima facie* case of religious discrimination by alleging that "(1) she held a bona fide religious belief, (2) her belief conflicted with a requirement of her employment, (3) her employer was informed of her belief, and (4) she suffered an adverse employment action for failing to comply with the conflicting employment requirement." *Id.* If she establishes a *prima facie* case, the burden shifts to the employer "[t]o demonstrate either that it reasonably accommodated the employee, or that it was unable to reasonably accommodate the employee's needs without undue hardship." *Id.* (citing *Antoine v. First Student, Inc.*, 713 F.3d 824, 831 (5th Cir. 2013)).[3]

"Bona fide religious beliefs include 'moral or ethical beliefs as to what is right and wrong which are sincerely held with the strength of traditional religious views.'" *Id.* (quoting 29 C.F.R. § 1605.1). This Court is tasked with deciding whether the individual's beliefs "are, in her own scheme of things, religious." *United States v. Seeger*, 380 U.S. 163, 185 (1965). In

---

[3] The Court recognizes that the familiar *McDonnell Douglas* standard for evaluating employment discrimination claims is an evidentiary framework, not a pleading standard. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Accordingly, "a plaintiff need not make out a *prima facie* case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz*, 534 U.S. at 510-12); *see also, e.g.*, *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) ("Although Chhim did not have to submit evidence to establish a *prima facie* case of discrimination at this stage, **he had to plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible.**") (emphasis added); *see also Milteer v. Navarro Cnty., Texas*, No. 3:21-CV-2941-D, 2023 WL 415154, at *3 (N.D. Tex. Jan. 25, 2023) (same).

this regard, a belief is "religious" if it is "a sincere and meaningful belief which occupies in the life of its possessor a place parallel to that filled by . . . God." *Id.* at 176. "The specific religious practice must be examined rather than the general scope of applicable religious tenets . . . ." *Tagore v. United States*, 735 F.3d 324, 328 (5th Cir. 2013). However, "[t]he validity of what [the plaintiff] believes cannot be questioned." *Seeger*, 380 U.S. at 184. The Fifth Circuit cautions that "judicial inquiry into the sincerity of a person's religious belief 'must be handled with a light touch, or judicial shyness.'" *Davis*, 765 F.3d at 486 (quoting *Tagore*, 735 F.3d at 328). Nonetheless, the United States Supreme Court has explained that although the determination of whether a belief is "religious" is a delicate question, "the very concept of ordered liberty precludes allowing every person to make his own standards on matters of conduct in which society as a whole has important interests." *Wisconsin v. Yoder*, 406 U.S. 205, 215-16 (1972). Beliefs based on "purely secular considerations" or that are "merely a matter of personal preference" are not protected. *Id.* Instead, the "claims must be rooted in religious belief." *Id.*

Here, the Court finds that Plaintiff's claim fails as her allegations are not sufficient to make her case plausible as to the first and second factors of the *prima facie* test. *Chhim*, 836 F.3d at 470. The Court finds that Plaintiff has failed to allege that she has a bona fide religious belief, let alone that this religious belief conflicted with Defendants' vaccine policy. This Court cannot begin the inquiry into religious discrimination because Plaintiff has not alleged any facts regarding the essential element of her claim: her sincerely held religious beliefs. Plaintiff summarily states that the COVID-19 vaccine violated her religious beliefs, but her Complaint is lacking any allegations as to what those beliefs are. (Rec. doc. 1). She does not explain what her religious beliefs are, nor why her religious beliefs conflict with Defendants'

policy.  (*Id.*).  She states only that she has a religious belief, which was acknowledged by her

employers, but Title VII requires more to create a valid *prima facie* claim of discrimination.

Without a sincerely held religious belief, there is no basis to conclude that Plaintiff is a

member of a protected class.  Plaintiff's Complaint is replete with medical arguments as to

why Defendants' policy was inadvisable and accusations that Defendants were motivated by

advertising and "virtue signaling."  These allegations suggest that Plaintiff's beliefs regarding

the COVID-19 vaccine were based on purely secular considerations or were merely a matter

of personal preference.  Such beliefs cannot form the basis of a religious discrimination

claim.[4]

In *Ulrich v. Lancaster General Health*, the plaintiff brought a religious discrimination

claim for failure to accommodate and a claim for disparate treatment because she was fired

for not getting vaccinated or submitting to the weekly COVID tests.  Civ. A. No. 22-4945, 2023

WL 2939585, at **1-2 (E.D. Pa. 2023).   The *Ulrich* plaintiff claimed to be "a practicing

Christian and member of a Christian church with a sincere religious faith grounded in

scripture and God's directives involving fundamental beliefs about how one should rely upon

His providence and care and not submit to impositions such as the testing requirement. . . ."

---

[4] Courts in other circuits have held as much under similar circumstances.  For example, the Third Circuit Court of Appeals affirmed dismissal of a plaintiff's amended complaint, finding that plaintiff had not alleged any facts to support finding that her opposition to the flu vaccine was religious.  *Brown v. Children's Hosp. of Philadelphia*, 794 F. App'x 226, 227-28 (3d Cir. 2020).  The court of appeals observed, "[a]t one point, [plaintiff] claimed that the vaccine was unnecessary for her because she scrupulously washed her hands, but any 'concern that the flu vaccine may do more harm than good . . . is a medical belief, not a religious one.'"  *Id.* (quoting *Fallon v. Mercy Cath. Med. Ctr. of Se. Penn.*, 877 F.3d 487, 492 (3d Cir. 2017)).  Similarly, the District Court for the Middle District of Pennsylvania held that the plaintiff's "statement – which centers on her free will and belief that Covid-19 vaccines and tests are harmful and unnecessary – fails to establish sincere religious opposition . . . ." *Finkbeiner v. Geisinger Clinic*, No. 4:21-CV-01903, 2022 WL 3702004, at *4 (M.D. Pa. Aug. 26, 2022).  The court rejected her reliance on "her belief that she has a 'God given right to make [her] own choices'" because this was only an "isolated moral teaching" and not a "comprehensive system of beliefs about fundamental or ultimate matters." *Id.*  The court also declined to find that everything the plaintiff believed about healthy living was a religious practice. *Id.*

*Id.* at *2.  She presented the court with philosophical, religious, and scriptural reasons for why she did not want to take the vaccine or be tested for COVID.  *Id.*  Despite her detailed reasons, the court ultimately dismissed her complaint because the reasoning was not based on an actual "religious" belief.  *Id.* at *4.  Finding this authority persuasive, it is clear that Plaintiff, having alleged and submitted much less to the Court than the plaintiff in *Ulrich*, has not stated a valid religious belief for purposes of Title VII.  Her claims should be dismissed. Indeed, Plaintiff's complaint reveals not a religious belief but more of a philosophical and personal belief about the efficacy of the COVID-19 vaccines and testing.  Reviewing her Complaint is more akin to reading a medical treatise than a religious tract.

Assuming arguendo that Plaintiff had established a *prima facie* case for religious discrimination, it is clear that Defendants reasonably accommodated her request.  Plaintiff alleges in her Complaint that the only reasonable accommodation would have been a saliva test – as opposed to a vaccination or a nasal swab.  (Rec. doc. 1).  She ultimately refused both the vaccination and the nasal swab, what this Court finds to be an objectively reasonable accommodation.

"An employer has the statutory obligation to make reasonable accommodations for the religious observances of its employees but is not required to incur undue hardship." *Davis v. Fort Bend Cty.*, 765 F.3d 480, 485 (5th Cir. 2014).  A proposed accommodation is not reasonable if it "fundamentally alter[s] the nature of the service, program, or activity." *Cadena v. El Paso Cty.*, 946 F.3d 717, 724 (5th Cir. 2020).  And "a job is fundamentally altered if an essential function is removed."  *Credeur v. Louisiana*, 860 F.3d 785, 792 (5th Cir. 2017) (cleaned up).

As noted above, the Fifth Circuit analyzes a Title VII claim for a failure to accommodate religious observance under a burden shifting framework. *Davis*, 765 F.3d at 485. As stated above, Plaintiff must first establish a *prima facie* case of religious discrimination. *Antoine v. First Student, Inc.*, 713 F.3d 824, 831 (5th Cir. 2013). If she does, "the burden shifts to the defendant to demonstrate either that it reasonably accommodated the employee, or that it was unable to reasonably accommodate the employee's needs without undue hardship." *Id.*

Here, assuming that Plaintiff had alleged a *prima facie* case of religious discrimination – which she has not – Plaintiff freely admits in her Complaint that Defendants accommodated her request for a religious exemption to the COVID-19 vaccine. (Rec. doc. 1). She simply did not believe the accommodation to be reasonable. Plaintiff then speculates that instead of the weekly tests, there were several other available measures that Plaintiff could have taken to ensure workplace safety. (*Id.*). She then proceeds to list numerous examples. *Id.* These alternatives ignore that Defendants provided Plaintiff with a reasonable accommodation that she refused to follow. Indeed, this Court is aware of no law – and Plaintiff has cited the Court to none – that supports the proposition that would allow the employee in every individualized situation to dictate the nature of the reasonable accommodation that her employer must provide her. Also, Plaintiff fails to allege that she ever actually informed Defendants of alternative protections in lieu of weekly testing. (*Id.*).

Plaintiff fails to plead that Defendants did not provide her with a reasonable accommodation to the vaccination. She does not allege that the proposed accommodation fundamentally altered the nature of her service, program, or activity, nor does she allege that the proposed accommodation removed an essential function of her job. In fact, she pleads

9

that Defendants provided her with a reasonable accommodation, the weekly nasal swabs, and she simply refused to abide by Defendants' accommodation.  This claim lacks merit.

### B.  Religious Discrimination Based on Disparate Treatment

Plaintiff's disparate treatment claim fails for the same reason as her reasonable accommodation claim.   The two essential elements of a disparate treatment claim under Title VII include: 1) "an adverse employment action," 2) taken against the plaintiff because of her protected class.  *See Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (quoting *Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 576 (5th Cir. 2004)).   A plaintiff must allege facts, direct or circumstantial, that suggest the employer's actions were based on her protected status or that the employer treated similarly-situated employees outside of her class more favorably.  *Id.*  When a plaintiff's case revolves around circumstantial evidence, a court analyzes the claim under the *McDonnell Douglass* framework.  *Laxton v. Gap Inc.*, 33 F.3d 572, 578 (5th Cir. 203).   Under this framework, the plaintiff must first create a presumption of discrimination by making out a *prima facie* case of discrimination. *Id.*

Plaintiff does not allege that Defendants treated "similarly situated employees outside of her protected class" more favorably.  *Davis*, 765 F. 3d at 488.  Plaintiff does not identify the religious affiliation of any comparator employees, nor does she allege whether these employees shared the same job title and responsibilities as she.   (Rec. Doc. 1). Conclusory allegations regarding an employer's treatment of other unidentified employees are insufficient to plead a circumstantial link between an adverse employment action and membership in a protected class.  *See Chhim*, 836 F. 3d at 471.

Here, the Court determines that Plaintiff fails to establish a *prima facie* case of disparate treatment in her Complaint and her response to Defendant's motion for dismissal.

(Rec. Doc. 1, 7).  Plaintiff does not allege what her religious beliefs are, and she has failed to allege facts to support a disparate treatment claim under Title VII because she has not provided facts in her Complaint to suggest that she is a member of a protected class.  She has not alleged that she has any religious affiliation apart from the conclusory statement that she is a member of a protected class because she requested a religious accommodation to avoid being vaccinated.  The Court is not required to accept such legal conclusions as plausible facts.  *Iqbal*, 556 U.S. at 678.  Plaintiff does not allege a membership to any church or religion, nor has she alleged that any similarly-situated employees were treated more favorably than her.  This claim also fails.

### C.  Retaliation

Under Title VII, retaliation occurs when a plaintiff engages in protected activity, such as reporting discrimination or perceived discrimination that violates the statute, and suffers a causally-related adverse employment consequence.  *Ackel v. Nat'l Commc'ns*, 339 F.3d 376, 385 (5th Cir. 2003).  To state a *prima facie* case of retaliation under Title VII, a plaintiff must show that: 1) she engaged in an activity protected by Title VII; 2) she was subjected to an adverse employment action; and 3) a causal link exists between the protected activity and the adverse employment action.  *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014).

Here, Plaintiff fails to allege that she engaged in a protected activity under Title VII. Plaintiff has only asserted the single conclusory statement that Plaintiff "engaged in protected activity under Title VII when she sought a religious accommodation from a policy that would otherwise require her to violate her sincere religious beliefs."  (Rec. doc. 1). Merely requesting a religious accommodation does not qualify as protected activity under Title VII because it does not constitute making a charge, testifying, assisting, or participating

11

in an investigation, proceeding, or hearing, nor does it amount to opposing an unlawful employment practice.  42 U.S.C. § 2000 e-3(a).

Plaintiff contends that requesting a religious accommodation is a "protected activity" under Title VII, but she cites no controlling authority to support this claim.  Regardless, "merely requesting a religious accommodation is not the same as opposing the allegedly unlawful denial of a religious accommodation." *EEOC v. N. Mem'l Health Care*, 908 F.3d 1098, 1102 (8th Cir. 2018).  Plaintiff has simply failed to plead sufficient facts to state a legally cognizable claim for retaliation under Title VII.[5]

## IV.     Leave to Amend

At the end of her opposition, Plaintiff states, "However, even if this Honorable Court should grant the Motion [to Dismiss], Plaintiff should be granted leave to file an amended Complaint to more fully flesh out [her] allegations."  (Rec. doc. 7 at 5).  While the Court recognizes that leave to amend should be freely granted when justice so requires, Fed. R. Civ. P. 15(a), district courts have discretion to manage their dockets.  *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)).  "Decisions concerning motions to amend are entrusted to the sound discretion of the district court." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotation marks and citation omitted). The Fifth Circuit has repeatedly cautioned that leave to amend is not "automatic." *See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).  Instead, a district court must consider a host of factors, including "undue delay, bad faith or dilatory motive on

---

[5] Because this Court finds that Plaintiff fails to plead a claim for retaliation on the merits, it need not address Defendants' exhaustion argument, which is not jurisdictional. *Stroy v. Gibson on behalf of Dep't of Veterans Affairs*, 896 F.3d 693, 698 (5th Cir. 2018) ("As we have held, however, Title VII's administrative exhaustion requirement is not a jurisdictional requirement. *Davis*, 893 F.3d at 306; *Davenport v. Edward D. Jones & Co., L.P.*, 891 F.3d 162, 169 (5th Cir. 2018); *see also Womble v. Bhangu*, 864 F.2d 1212, 1213 (5th Cir. 1989).  Rather, it is only a precondition to filing suit, subject to waiver or estoppel defenses. *Davis*, 893 F.3d at 306.").

the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., and futility of the amendment." *Id.* at 378 (citation omitted).

The Fifth Circuit has held that a district court does not abuse its discretion when a plaintiff seeks leave to amend in an opposition pleading and fails to apprise the district court of the facts that would be pleaded in the amended complaint to cure any deficiencies. *Mandujano v. City of Pharr, Tex.*, 786 F. App'x 434, 437 (5th Cir. 2019) ("Mandujano next argues that the district court should have granted his request for leave to amend included at the end of his response to the City's motion to dismiss. . . . The district court did not abuse its discretion in denying the motion.  As the district court explained, leave may be denied where, as here, the movant insisted his complaint sufficed to state a claim and 'fail[ed] to apprise the district court of the facts that he would plead in an amended complaint, if necessary, to cure any deficiencies.'") (citation omitted)); *Law v. Ocwen Loan Servicing, L.L.C.*, 587 F. App'x 790, 796 (5th Cir. 2014) ("'A party who neglects to ask the district court for leave to amend cannot expect to receive such dispensation from the court of appeals.'  Although this request need not be contained in a formal motion, '[a] bare request in an opposition to a motion to dismiss – without any indication of the particular grounds on which the amendment is sought – does not constitute a motion within the contemplation of Rule 15(a).'") (citations omitted)).

Here, Plaintiff insisted her Complaint sufficed to state a claim, and her request to amend at the end of her opposition to Defendants' motion to dismiss does not articulate how any allegations could cure the deficiencies of her Complaint.  For this reason, the Court exercises its discretion and will not permit leave to amend.

## V.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Dismiss (rec. doc. 6) is **GRANTED**. Plaintiff's claims against Defendants under Title VII are dismissed with prejudice.

New Orleans, Louisiana, this 20th day of _____ July _____, 2023.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE